UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, (J.R.L.), an individual,<br><br>Plaintiff,<br><br>V.<br><br>CROSSTOWN CENTER HOTEL LLC D/B/A HAMPTON INN & SUITES,<br><br>Defendants. | CIVIL ACTION NO. 24-CV-13227-PBS<br><br>**EMERGENCY MOTION PURUSANT TO LOCAL RULE 40.4** |

**DEFENDANT CROSSTOWN CENTER HOTEL LLC'S
EMERGENCY MOTION TO COMPEL PLAINTIFF'S DEPOSITION
AND DISCOVERY RESPONSES**

Pursuant to Fed. R. Civ. P. 37(a), the defendant, Crosstown Center Hotel LLC d/b/a Hampton Inn & Suites ("Crosstown") moves for an order compelling the plaintiff, Jane Doe (J.R.L) to appear for a deposition on March 10, March 13, March 25, March 27, March 30, or March 31, 2026 (and continuing day to day if needed), and to respond to the defendant's Requests for Production of Documents and Interrogatories, which were served on June 30, 2025.

Given that the discovery deadline in this case is March 31, 2026 and the plaintiff has yet to be deposed or respond fully to discovery, this Motion requires immediate action as contemplated by Local Rule 40:4. As grounds for this motion, the defendant states as follows:

**BACKGROUND[1]**

1. The plaintiff filed her Complaint on December 31, 2024.

2. The defendants, Hilton Domestic Operating Company, Inc., Hilton Domestic Management, LLC (collectively, "the Hilton defendants"), and Crosstown filed motions to dismiss, and a

---

[1] The procedural history and timeline of communications are significant to this Motion, and are described herein.

1

hearing occurred on May 6, 2025. The next day, the Court Ordered that discovery between Crosstown and the plaintiff could proceed, but discovery as to the Hilton defendants would be stayed pending a ruling on all parties' motions to dismiss, which were taken under advisement.

3. On May 1, 2025, the defendant Hilton circulated a proposed Protective Order ("PO") to all parties seeking comments for the purpose of jointly submitting a request to enter the PO to the Court. On or about June 5, 2025, after multiple communications among the parties regarding language for the PO, all parties agreed to the draft PO and plaintiff's counsel advised that they would file it with the Court. The PO was eventually filed by the plaintiff on October 17, 2025. These communications are attached hereto as Exhibit 1.[2]

4. On June 30, 2025, the defendant Crosstown served Interrogatories and Requests for Production of Documents upon the plaintiff, pursuant to F.R.C.P. 33 and 34, respectively.

5. On September 29, 2025, the plaintiff provided initial responses to Requests for Production and Interrogatories that were largely non-responsive because a PO had not yet entered. Plaintiff's counsel stated that they would supplement the responses upon the entry of a PO.

6. The PO was approved by the Court and entered on October 23, 2025. Exhibit 1.

7. On October 10, 2025, Crosstown issued a notice of deposition of the plaintiff to be conducted on November 7, 2025. Exhibit 2. On October 15, plaintiff's counsel advised that they were unavailable and the parties agreed to reschedule. Exhibit 4.

8. All parties' motions to dismiss were denied on November 18, 2025.

9. On December 29, 2025, Crosstown issued a re-notice of deposition of the plaintiff to be conducted on January 29, 2026. Exhibit 2.

---

[2] Exhibits will be filed under seal.

10. After several months of follow-up emails, the defendant sent the plaintiff a detailed discovery deficiency letter on January 26, 2026, attached hereto as <u>Exhibit 5</u>.

11. Later that same day, the plaintiff produced supplemental Answers to Interrogatories and Responses to Requests for Production of Documents. <u>Exhibit 6</u>.[3]

12. The plaintiff's Answers to Interrogatories were not signed by the plaintiff, as required by Rule 33(b)(5). Crosstown's counsel notified the plaintiff of this insufficiency right away, and asked when they could expect signed Answers, as the plaintiff's deposition was scheduled for January 29, 2026. <u>Exhibit 4</u>.

13. At 3:46 p.m. on the following day (January 27), the plaintiff canceled the deposition that was scheduled to begin in approximately 30 hours. <u>Exhibit 3</u>.

14. The plaintiff's deposition was rescheduled by agreement of the parties for February 5.[4]

15. On January 28, Crosstown's counsel informed the plaintiff that the supplemental Document Production did not fully address Crosstown's previous deficiency concerns, and requested to confer per Rule 37 in the next two days. <u>Exhibit 4</u>. The plaintiff did not respond.

16. In the late afternoon (3:45) on February 4th, Crosstown's counsel heard from Hilton's counsel that the plaintiff's deposition would not go forward the next day.[5] Crosstown's counsel asked the plaintiff for clarification, at which point the plaintiff requested to postpone the deposition once more.[6] <u>Exhibit 3.</u>

17. Crosstown's counsel agreed to postpone the deposition, due to Plaintiff's counsel's representation that the plaintiff was dealing with PTSD. <u>Exhibit 3.</u>

---

[3] The Plaintiff's Answers to Interrogatories will not be filed as an Exhibit in an abundance of caution pursuant to the PO. They can be provided under seal for the Court's review if requested.
[4] The deposition was noticed by Hilton, and was Cross-Noticed by Crosstown.
[5] By that point, counsel for Hilton was already on a plane traveling from Miami to Boston for the plaintiff's deposition.
[6] It is worth noting that Plaintiff's counsel also would have to travel for the deposition, and apparently was not en route when this transpired.

18. Crosstown's counsel asked for dates in the first or second week of March for the plaintiff's deposition, due to the March 31st discovery deadline. Plaintiff's counsel confirmed that they would reach out with dates. Exhibit 3.

19. At some point on February 4th, the plaintiff dismissed the Hilton defendants from the lawsuit.

20. On February 5th, Crosstown's counsel followed up on their January 28th email to the plaintiff, and once again requested a meet and confer regarding the discovery deficiencies. Crosstown's counsel also sent a Second Request for Production to the plaintiff. The plaintiff did not respond. Exhibit 4.

21. On February 12th, Crosstown's counsel followed up again, requesting to confer, and requesting deposition dates for the beginning of March. The plaintiff did not respond. Exhibit 4.

22. On February 13th, Crosstown's counsel re-noticed the plaintiff's deposition for March 4th. Exhibit 2.

23. On February 19th, Crosstown's counsel followed up once more requesting to confer, and requesting signed Answers to Interrogatories and production of certain social media information before the plaintiff's deposition on March 4th. Exhibit 4. The plaintiff did not respond.

24. On February 27h, Crosstown's counsel followed up to confirm that the plaintiff would appear for her deposition on March 4th. Exhibit 4. The plaintiff did not respond.

25. On March 2nd, Crosstown's counsel followed up to confirm that the plaintiff would appear for her deposition on March 4th. The plaintiff did not respond. Later that day, Crosstown revised the deposition notice to reflect that the deposition would be recorded by video (in addition to stenographic means). Exhibit 4.

26. At 8:17 PM on March 2nd, plaintiff's counsel wrote to Crosstown's counsel advising that they would not be present at the plaintiff's deposition scheduled to begin in approximately 36 hours. Exhibit 2.

27. On March 3rd, Crosstown's counsel once more requested a conference per Rule 37 to discuss the discovery deficiencies. Specifically, counsel stated "I do not hear from you by Thursday (March 5), this email chain will suffice to fulfill our obligations under the rule, and we will move forward with filing a motion to compel discovery." Exhibit 4. The plaintiff did not respond.

28. Later on March 3rd, Crosstown's counsel attempted to call plaintiff's counsel and left a message with their paralegal. After receiving no response, Crosstown's counsel sent an email proposing March 10, 11, or 13 as potential dates for the plaintiff's deposition. Exhibit 4. The plaintiff did not respond.

29. On March 4th, Crosstown's counsel wrote to the plaintiff again to confirm the above dates, and advising of the urgency due to the impending discovery deadline. Again, Crosstown's counsel requested to touch base before the end of the day on Thursday, March 5th to avoid motion practice. Exhibit 4.

30. As of the date of this filing, the plaintiff has not reached out to either of Crosstown's counsel.

## ARGUMENT

### A. The plaintiff must appear for a deposition pursuant to Rules 30 and 37.

The scope of discovery laid out in Fed. R. Civ. P. 26(b) is very broad, and includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." After commencement of the action, any party "may, by oral questions, depose any person, including a party. . . ." Id.

Here, J.R.L. is not only a critical witness in this case—she is the plaintiff, who seeks significant compensation for injuries she alleges to have sustained from allegedly being trafficked at the Crosstown property. The plaintiff further alleges that Crosstown knew that sex trafficking was occurring on the premises and did nothing to intervene. Crosstown is entitled to obtain the plaintiff's testimony regarding her allegation that it knew and failed to act on the alleged trafficking, and about the injuries the plaintiff allegedly suffered, in order to evaluate those claims and prepare a defense. The sworn testimony of the plaintiff is not only "relevant to any party's claim or defense"—it provides the very basis for the action itself. Yet, the plaintiff has so far refused to testify under oath regarding her serious allegations, thereby severely prejudicing Crosstown's ability to prepare a defense.

It is unfair and inequitable to force Crosstown to bring motion practice and litigate, at increasing expense, to obtain the plaintiff's appearance at her deposition in a case that she commenced. A plaintiff's testimony in an action is so crucial that the Federal Rules deem a willful failure to appear at a properly-noticed deposition to be grounds for sanctions as severe as dismissal of the action, or rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A). The Rules further permit a Court to instruct the disobeying party to pay the reasonable expenses, including attorney's fees, caused by the failure to appear. Fed. R. Civ. P. 37(d)(3).

Given the above, and the impending discovery deadline of March 31, 2026, Crosstown requests an Order compelling the plaintiff's attendance at her deposition on a date that is possible for parties before the close of fact discovery. The defendant's counsel proposes the following dates for availability: March 10, March 13, March 25, March 27, March 30, or March 31, 2026. Should the plaintiff fail to appear for her deposition, Crosstown respectfully requests that the Court dismiss this case with prejudice pursuant to Fed. R. Civ. P. 37(b).

### B. The plaintiff's "supplemental" written discovery responses are still incomplete, unsigned, and require additional supplementation.

Under Rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." As such, a party's incomplete or evasive answers are synonymous with a failure to respond. Fed. R. Civ. P. 37(a)(3)(B) allows a party to move to compel a response when another party fails to answer an interrogatory submitted under Fed. R. Civ. P. 33, or fails to produce documents as requested under Rule 34.

#### 1. Answers to Interrogatories[7]

First, the plaintiff has failed to provide a signed version of her Supplemental Answers to Interrogatories in accordance with Fed. R. Civ. P. 33(b)(5), and must provide a signed copy of same. Additionally, the plaintiff failed to respond to Interrogatory No. 15 by providing an evasive and non-responsive answer.

Specifically, when asked to describe facts to support her serious allegation that "the defendant had any knowledge of sex trafficking," she objected, and responded:

> Plaintiff cannot possibly marshal every single fact regarding the years she was trafficked. Subject to those objections, please see Plaintiff's discovery responses and her deposition.

This is a non-responsive answer to a proper—and crucial—question in this case. Instead of answering the question, she refers to "her deposition," which she has refused to give. Crosstown requests that this response be supplemented within 10 days of the Court's Order.

#### 2. Responses to Requests for Production of Documents

The plaintiff's Supplemental Responses to Requests for Production of Documents are attached hereto as <u>Exhibit 6</u>.

---

[7] The Plaintiff's Answers to Interrogatories will not be filed as an Exhibit in an abundance of caution pursuant to the PO. They can be provided under seal for the Court's review if requested.

The plaintiff failed to respond to Request for Production Nos. 1, 2, 3, 4, 5, 6, 9, 10, 15, 34, 43, and 44, by providing evasive and incomplete responses. Specifically, the plaintiff responded "None in Plaintiff's possession" to the following requests:

1. Copies of all medical, mental health, and family physician records pertaining to the plaintiff Jane Doe from January 1, 2010 to present.
2. Copies of all employment records, employee resumes, and job applications of the plaintiff Jane Doe, from January 1, 2010 to present.
3. Copies of all divorce, child custody, and separation records pertaining to the plaintiff Jane Doe.
4. Copies of all educational records of the plaintiff. This request includes but is not limited to report cards, IQ tests, teacher reviews and evaluations, diplomas, degrees, certificates, dissertations, exams, papers, and other work submitted in the course of the plaintiff Jane Doe's formal education.
5. Copies of all psychological counseling records, therapist records, neuropsychological test records and raw test data concerning the plaintiff Jane Doe, from January 1, 2010 to present.
10. Copies of all photographs depicting any injuries of the plaintiff Jane Doe.
43. All social media content (posts, messages, images, videos) created, shared, or received by Jane Doe that relate to the Subject Hampton Inn, the alleged trafficking, and/or Jane Doe's mental or emotional state from January 1, 2011 to December 31, 2014.
44. All photographs and videos taken of Jane Doe January 1, 2011 to December 31, 2014.

Upon information and belief, responsive documents exist to the above requests, and the plaintiff's responses are demonstrably false. Crosstown requests that the plaintiff supplement these responses within 10 days of the Court's Order.

As for the following requests, the plaintiff referred to a drop box link, but it either did not contain the documents requested, or did not contain all responsive documents:

6. Copies of all restraining orders or similar documents concerning Jane Doe and any other person(s).
9. Copies of all written or other documentary evidence which relates to the issue of the plaintiff's damages.
15. Copies of all documents which refer or relate to, or constitute lawsuits and/or claims for injuries sustained by the plaintiff Jane Doe.
34. All social media posts and/or communications made by Jane Doe to anyone with regard to the allegations in the complaint, including friends, family, law enforcement, social workers, or media.

Crosstown requests that the plaintiff supplement these responses within 10 days of the Court's Order.

## CONCLUSION

The discovery deadline in this case is March 31st. Despite repeated efforts by defense counsel, the plaintiff has not been deposed, nor is there a set date to depose her. Given the history of the plaintiff's unilateral and last-minute cancelations, and the impending discovery deadline, an Order of this Court is necessary in order to prevent this from happening again. Additionally, there is significant outstanding discovery that was requested nine (9) months ago. Given the plaintiff's refusal to confer and collaborate on a time to provide such information, a Court Order is necessary to ensure compliance.

Furthermore, in light of the lack of any valid reason put forth by the plaintiff to support her obstruction and refusal to respond to Crosstown's counsel, and in light of the plaintiff's history of failing to cooperate with discovery, Crosstown further requests that this Court Order the plaintiff to pay the defendant's legal fees and expenses in connection with attempting to obtain the plaintiff's appearance at her deposition and her outstanding discovery responses, including the costs incurred preparing the instant motion, pursuant to Fed. R. Civ. P. 37(d)(3).

WHEREFORE, Crosstown respectfully requests that this Court ALLOW its motion and:

a) ORDER the plaintiff, J.R.L, to appear for a deposition on March 10, March 13, March 25, March 27, March 30, or March 31, 2026;

b) ORDER that this action will be dismissed with prejudice if the plaintiff fails to appear for her deposition on the date so ordered;

c) ORDER the plaintiff to provide supplemental Answers to Interrogatories as described herein within 10 days of the Order;

d) ORDER the plaintiff to provide supplemental Responses to Requests for Production of Documents as described herein within 10 days of the Order; and

e) ORDER the plaintiff to pay Crosstown's legal fees and expenses in connection with this discovery dispute and the instant motion.

          Respectfully Submitted,

          The Defendant, Crosstown Center Hotel LLC
          d/b/a Hampton Inn & Suites
          By Its Attorneys,

          */s/ Amy B. Yarbro*_____
          Amy B. Yarbro, BBO #686665
          Grace K. Ferranto, BBO #710961
          MORRISON MAHONEY LLP
          ayarbro@morrisonmahoney.com
          gferranto@morrisonmahoney.com
          250 Summer Street
          Boston, MA 02210-1181
          Phone: 617-439-7500
          Fax: 617-342-4887

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2026, a true copy of the foregoing document was filed with the Court and served upon all counsel of record via the Court's CM/ECF system.

>                                       */s/ Amy B. Yarbro*_____
>                                       Amy B. Yarbro, BBO #686665

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules 26.2(c) and 37.1(b), I hereby certify that between January 28, 2026 and March 5, 2026, I made multiple attempts to confer with Plaintiff's counsel regarding the issues raised in this Motion, as detailed in this Motion. Despite these efforts, I was unable to verbally confer with counsel.

>                                       */s/ Amy B. Yarbro*_____
>                                       Amy B. Yarbro, BBO #686665